**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**JOHN M. PATTERSON**                                                    **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 1:19-cv-48-HSO-JCG**

**HERITAGE PROPERTIES, INC.**                                          **DEFENDANT**

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Heritage Properties, Inc., through undersigned counsel, and responds to the First Amended Complaint as follows:

## FIRST DEFENSE

The First Amended Complaint fails to state a claim against the Defendant upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND DEFENSE

Without waiving the above defenses, Defendant answers the allegations of the First Amended Complaint, paragraph by paragraph, as follows:

1.      Heritage is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2.      Heritage admits it is a Mississippi business located at 116 One Madison Plaza, Suite 2100, Madison, Mississippi.  Heritage admits that it owns property where this accident occurred in Harrison County, Mississippi.  Heritage admits that its agent for service of process is Wayne Pierce at its principle place of business.  Heritage denies the remaining allegations of Paragraph 2.

3.      Heritage admits diversity jurisdiction.

4.      Heritage admits venue.

5.      Heritage incorporates its responses to Paragraphs 1 – 4.

6.      Heritage admits that Plaintiff was present on its property, Lagniappe Apartments, on April 25, 2018.  Heritage is without knowledge or information sufficient to form a belief as to Plaintiff's legal status on the property and whether his use of the property was "foreseeable and expected" and thus, denies these allegations.  Heritage denies any further allegations not specifically admitted.

7.      Heritage admits that Plaintiff was present on its property on April 25, 2018. Heritage denies the remaining allegations of Paragraph 7.

8.      Heritage admits that Plaintiff fell on or about April 25, 2018.  Defendant denies the remaining allegations of Paragraph 8.

9.      Heritage denies the allegations of Paragraph 9.

10.     Heritage denies the allegations of Paragraph 10.

11.     Heritage incorporates its responses to Paragraphs 1 – 10.

12.     Heritage admits that it owned, operated and/or controlled the property.  Heritage denies the remaining allegations of Paragraph 12.

13.     Heritage admits that it owed certain duties of care under Mississippi law. Heritage denies the remaining allegations of Paragraph 13.

14.     Heritage admits that it owed certain duties of care under Mississippi law. Heritage denies the remaining allegations of Paragraph 14.

15.     Heritage admits that it owed certain duties of care under Mississippi law. Heritage denies the remaining allegations of Paragraph 15.

16.     Heritage denies the allegations of Paragraph 16 including subparagraphs a. - g.

17.     There is no paragraph 17.

18.     Heritage incorporates its responses to Paragraphs 1 – 17.

19.     Heritage denies the allegations of Paragraph 19.

20.     Heritage denies the allegations of Paragraph 20.

21.     Heritage denies the allegations of Paragraph 21, including subparts (a) – (g).

22.     Heritage denies the allegations of Paragraph 22, including subparts (a) – (f).

23.     Defendant denies the allegations of the final unnumbered paragraph beginning with the phrase, "WHEREFORE" and denies that Plaintiff is entitled to a judgment against the Defendant whatsoever.

## THIRD DEFENSE

Defendant would affirmatively show that no dangerous condition existed and that the premises was in a reasonably safe condition at all relevant times.

## FOURTH DEFENSE

Defendant would affirmatively show that it had no duty to warn of any object, item and/or condition that, assuming the presence of the same, is in open or obvious view and/or is readily apparent.

## FIFTH DEFENSE

The sole proximate cause or proximate contributing cause of Plaintiff's alleged damages is the acts and/or omissions of Plaintiff and/or other persons or entities.

## SIXTH DEFENSE

Defendant affirmatively pleads the application of Miss. Code Ann. § 11-7-15 and Miss. Code Ann. § 85-5-7.

## SEVENTH DEFENSE

All or part of the Plaintiff's alleged damages, if any, resulted from acts or omissions of persons or parties for which Defendant is not legally responsible or liable, directly or vicariously.

## EIGHTH DEFENSE

If it is determined that the Plaintiff has made any form of recovery by way of judgment, settlement or otherwise, for all or part of her alleged damages, Defendant is entitled to a set off and/or reduction of any verdict against them by the amount of any such judgment or settlement.

WHEREFORE, PREMISES CONSIDERED, having fully answered, Defendant, Heritage Properties, Inc., prays that the First Amended Complaint filed herein be dismissed, on its merits, and with prejudice to the bringing of any further action, to the cost of the Plaintiff.

This the 19th day of March, 2019.

HERITAGE PROPERTIES, INC.


BY:    */s/ Lauren R. Hillery*
       LAUREN R. HILLERY



OF COUNSEL:

ROBERT P. THOMPSON (MSB # 8188)
LAUREN R. HILLERY (MSB # 103253)
**MCANGUS GOUDELOCK AND COURIE, LLC**
1020 Highland Colony Parkway, Suite 706
Ridgeland, MS 39157
P. O. Box 2955
Ridgeland, MS  39158
Telephone: (601) 427-7515
Facsimile: (601) 510-9525
bobby.thompson@mgclaw.com
lauren.hillery@mgclaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have, this date, served the foregoing pleading via electronic filing

and if necessary via U.S. Mail to the Plaintiff as follows:

> Corban Gunn, Esq.
> Corban Gunn, PLLC
> P.O. Box 1466
> Biloxi, MS 39533
> corban@corbangunn.com

This the 19th day of March, 2019.

/s/ Lauren R. Hillery
LAUREN R. HILLERY